IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK KING, D.M.D., on behalf of himself and as representative of a class and KEVIN J. ALEXANDER, on behalf of himself and as representative of a class as to Defendant Guardian Life Insurance Company of American**<br><br>Plaintiff,<br><br>vs.<br><br>**GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; UNITED HEALTHCARE INSURANCE COMPANY; and DELTA DENTAL INSURANCE COMPANY,**<br><br>Defendants. | Civil Action Number<br>**2:07-cv-2226-UWC** |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

On December 10, 2007, Defendants removed the present action from the Jefferson County Circuit Court. According to Defendants, this Court has jurisdiction pursuant to Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. For the reasons explained below, the Court finds that it does not have jurisdiction. Accordingly, the case will be remanded to state court once again.

**I. FACTS**:

On August 31, 2007, this Court remanded Plaintiff King's action to the Circuit Court

of Jefferson County, Alabama, (*King v. Guardian Life Ins. Co.*: 2:06-cv-270-UWC), and dismissed, without prejudice Plaintiff Alexander's action (*Alexander v. Guardian Life Ins. Co.*: 2:06-cv-2061-UWC).  In the Memorandum Opinion accompanying the remand and dismissal orders, this Court determined that it lacked subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and ERISA.  The Court based this determination on the claims asserted in Plaintiff King's Fourth Amended Complaint, and Plaintiff Alexander's First Complaint.[1]  In those complaints, Plaintiffs (who are both Alabama dentists), alleged that the Defendant insurance companies engaged in payment practices that violated the Alabama Insurance Code.  *See* Ala. Code §§ 27-1-19; 27-19A-3.  Specifically, physicians like Plaintiffs, who do not have contracts with the insurance companies, receive lower payment rates for the same services provided by physicians that have contracts with the insurance companies.  Additionally, in some instances, the insurance companies have assigned higher deductibles and co-pays for non-contract dentists such as Plaintiffs.  In their complaints, Plaintiffs sought purely equitable relief in the form of an injunction and reformation of the contracts with the insurance companies.

Relying on the same Alabama Insurance Code provisions, the Plaintiffs on remand amended their complaint to include a claim for compensatory damages.  This amendment prompted Defendants to remove the present action again asserting complete preemption

---

[1] Alexander filed his initial complaint in federal court.  Upon remand of King's lawsuit, the instant Court dismissed Alexander's claims, without prejudice.  Apparently, Alexander joined King as a named Plaintiff in the state court action prior to this second removal.

pursuant to ERISA.

## II. ERISA

In the remand opinion, this Court rejected the ERISA complete preemption argument for the following reasons:

> Defendants contend that Plaintiffs' state law claims are completely preempted by ERISA. This "complete preemption [or super-preemption] exists only when the plaintiff is seeking relief that is available under ERISA Section 502(a)." *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) (citing 29 U.S.C. § 1132(a); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (internal quotations omitted). Section 502(a) provides that a civil action may be brought, *inter alia*,
>
>> (1) by a participant or beneficiary . . . .
>>
>>> (B) <u>to recover benefits due to him under the terms of his plan</u>, to <u>enforce his rights under the terms of the plan</u>, or to clarify his rights to future benefits under the terms of the plan. . . .
>>
>> (3) by a participant, beneficiary, or fiduciary
>>
>>> (A) to <u>enjoin any act or practice which violates any provision of this title or the terms of the plan</u>, or
>>>
>>> (B) to obtain other appropriate equitable relief (I) redress such violations or (ii) to enforce any provisions of this title or the terms of the plan; . . . .
>
> 29 U.S.C. § 1132(a)(1)(B)**;** 1132(a)(3) (emphasis added)**.**

When a Plaintiff asserts state law claims that essentially seek the same type of relief that is available under ERISA Section 502(a), the state law claims are "completely preempted." *Cotton*, 402 F.3d at 1281. In other words, the state law claims are recharacterized as ERISA claims and a Plaintiff may proceed to the extent ERISA provides the relief sought. Moreover, the recharacterized claims provide the basis for federal jurisdiction when the following four elements are satisfied:

> First there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under the plan. Third, the defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § 502(a); often this will be a claim for benefits due under the plan.

*Cotton*, 402 F.3d at 1281 (citing *Butero*, 174 F.3d at 1212).

In the present case, the first three elements are clearly met. In the complaint, Plaintiffs admit that the Defendants provide coverage to employer groups and there is nothing in the record to indicate that these group plans are anything other than relevant ERISA plans. Second, as assignees of the benefits due to the insured patients, Plaintiffs have standing to sue. *See Cagle v. Bruner*, 112 F.3d 1510, 1514-15 (11th Cir. 1997) (finding "derivative standing based upon an assignment of rights" in ERISA cases). With respect to the third element, there is no question that defendants are ERISA entities. *See Cotton*, 402 F.3d at 1282 (noting that an insurer is a fiduciary and, therefore, an ERISA entity).

For purposes of the instant case, the key to the complete preemption question is whether Plaintiffs "seek compensatory relief akin to that available under § 502(a) . . . ." *See Cotton*, 402 F.3d at 1281 (citing *Butero*, 174 F.3d at 1212). Defendants contend that Plaintiffs' claims are essentially claims for benefits pursuant to Section 502(a). In support of their argument, Defendants primarily rely on *Aetna Health Incorporated v. Davila*, 542 U.S. 200, 208-9 (2004). The Plaintiffs in *Davila* sued their HMOs after Plaintiffs' claims for benefit coverage were denied. In their complaints, Plaintiffs alleged that the denial of benefits violated a state health care liability act that "imposed a duty on managed care entities to 'exercise ordinary care when making health care treatment decisions.'" *Davila*, 542 U.S. at 212. Finding that Plaintiffs' claims were preempted, the United States Supreme Court first noted:

> Congress enacted ERISA to "protect the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern."
>
> . . . .
>
> Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.

*Davila*, 542 U.S. at 208-9 (citations omitted). Keeping these principles in mind, the Court found that the Plaintiffs' claims were preempted because:

> It is clear, then, that respondents complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans.
>
> . . . .
>
> Thus, interpretation of the terms of respondents' benefit plans forms an essential part of their [state law] claim . . . . Petitioners' potential liability . . . derives entirely from the particular rights and obligations established by the benefit plans . . . not entirely independent of the federally regulated contract itself.
>
> . . . .
>
> [Plaintiffs] do not attempt to remedy any violation of a legal duty independent of ERISA."

*Davila*, 542 U.S. at 211, 213, 214 (citations omitted).

Unlike *Davila*, Plaintiffs in the instant litigation are not attempting to seek remedies that duplicate or supplant those remedies available under ERISA. In other words, Plaintiffs do not contend they were wrongly denied reimbursement based upon the terms of any ERISA agreements. As such, Plaintiffs' quarrel is not with Defendants in their role as ERISA entities. Rather, Plaintiffs contend that Defendants, as insurance companies, had an obligation to include equal reimbursement schedules in the contracts they negotiated with both employers and individuals. This obligation arises from a state law, independent of any rights or obligations associated with ERISA. Because Plaintiffs' claims derive from a duty independent of the ERISA enforcement mechanism, their claims do not conflict with the goals behind enactment of ERISA. Accordingly, Plaintiffs' claims are not completely preempted.

Inasmuch as "complete" preemption provides federal jurisdiction and there is no "complete" preemption here, some independent basis for federal jurisdiction must exist before this Court can reach the remaining issues raised by the parties.

(*King* Doc. 120 at 5-15; *Alexander* Doc. 23 at 5-1) (footnotes omitted).

### III. ANALYSIS

The Court is of the opinion that Plaintiffs' demand for compensatory damages does not change the above analysis. Like the Plaintiffs' claims for equitable relief, the current demand for compensatory damage is not premised upon the terms of an ERISA-regulated benefit plan. Instead, Plaintiffs "attempt to remedy a[ ] violation of a legal duty independent of ERISA." *See Davila*, 542 U.S. at 214. Here that legal duty arises out of Alabama common law. As such, complete preemption does not apply.

Without complete preemption, Defendants' cannot rely on ERISA as a basis for removal. Accordingly, the Court will once again remand this action to the Circuit Court of

Jefferson County, Alabama.

Done this 27th day of December, 2007.

_____
U.W. Clemon
United States District Judge